UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WANDA BRANDON et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:22-cv-00635-SRC |
| BOARD OF EDUCATION OF THE CITY OF ST. LOUIS et al., | ) |
| Defendants. | ) |

**Order**

The Court "has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (quoting *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995)). In light of intervening Eighth Circuit precedent, the Court questions the viability of part of its prior holding regarding the admissibility of certain expert testimony, so the Court orders the parties to brief the issue as described below.

The Court previously held that the Board of Education of the City of St. Louis's expert witness, Dr. Daniel Salmon, may not render "opinions about stem cells and stem cells' connection to COVID-19 vaccines." Doc. 229 at 11 (The Court cites to page numbers as assigned by CM/ECF.). The Court reasoned:

> Plaintiffs alleged in their complaint that their "religious beliefs prevented them from receiving the vaccination due to their use of fetal stem cells taken from aborted fetuses." But once again, Dr. Salmon admitted that he didn't know anything about Plaintiffs, and it follows that Dr. Salmon does not (and cannot) opine on the extent to which the stem-cell issue influenced Plaintiffs' objections to COVID-19 vaccination. *Objective* facts about the vaccines' connections to stem cells have no bearing on whether Plaintiffs objected to vaccination based on their religious

beliefs, which "need not be acceptable, logical, consistent, or comprehensible to others" to merit protection under the law.

*Id.* (citations omitted).

But in *Kale v. Aero Simulation, Inc.*, No. 23-3380, 2025 WL 1585297 (8th Cir. June 5, 2025), the Eighth Circuit indicated that objective facts about employment requirements might have some relevance to a plaintiff's religious-discrimination claims. The Court summarized *Kale* at length in a prior order. *See* doc. 308 at 1–2. The Eighth Circuit affirmed the dismissal of Matthew Kale's complaint, in part, because Kale failed to make sufficient "factual allegations about the nature of the Covid-19 test" that his employer tried to make him take. *Kale*, 2025 WL 1585297, at *3. In other words, Kale's general allegation that a COVID-19 test would cause an "unwanted intrustion[] into [his] body" did not suffice—Kale needed explain *how* the test would "intrude[] into Kale's body in violation of his alleged religious beliefs." *Id.* That explanation seems to require consideration of *some* objective information about the test. And, although *Kale* affirmed the grant of a motion to dismiss, the elements that a plaintiff must *plead* to survive a motion to dismiss have a direct relationship to the elements that a plaintiff must *prove* to prevail at trial. *See* Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Here, the parties agree that, for Plaintiffs to prevail on their Title VII claims, they must prove that their sincerely held religious beliefs "conflicted with an employment requirement." Doc. 284; doc. 204 at 11 (noting that the parties do not object to this element). *Kale* reiterates that that element applies to Plaintiffs' Free Exercise claims, too. *See Kale*, 2025 WL 1585297, at *1 ("For each religious discrimination claim—Title VII, RFRA, and First Amendment—Kale must plausibly allege a bona fide religious belief that was burdened by an employment requirement."). And as explained above, *Kale* seems to suggest that, to assess whether an

2

employment requirement and a sincerely held religious belief conflict, a court must consider not only the "specific religious beliefs" at issue but also the objective reality of the employment requirement.  *Id.* at *3.  In light of all this, the Court questions whether its prior holding excluding Dr. Salmon's opinions about stem cells and stem cells' connection to COVID-19 vaccines can survive *Kale*.

Accordingly, the Court orders the parties to file, no later than noon on June 10, 2025, supplemental briefs on whether the Court should reconsider its holding excluding Dr. Salmon's opinions about stem cells and stem cells' connection to COVID-19 vaccines.  Each party's brief must not exceed five double-spaced pages, exclusive of a signature page and attachments.

So ordered this 6th day of June 2025.

SL R. CL
_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE
