UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WANDA BRANDON et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-00635-SRC |
| ) | |
| BOARD OF EDUCATION OF THE ) | |
| CITY OF ST. LOUIS et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Order**

The Court orders the parties to review the attached redlined jury instructions. The parties must come prepared to discuss them on Friday, June 20, 2025, after the Court recesses the jury for the evening.

So ordered this 18th day of June 2025.

_SL R. Cl_
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

## Instruction No. [1A]

You must find for Plaintiff X and against Defendant Board of Education of the City of St. Louis for Section 1983 Free Exercise of Religion if Plaintiff X has shown, by the greater weight of the evidence, that Defendant Board of Education of the City of St. Louis prevented Plaintiff X from engaging in a sincerely motivated religious exercise.  Plaintiff X will have made this showing if he or she has shown that Defendant Board of Education of the City of St. Louis put Plaintiff X to the choice of keeping his or her job or engaging in conduct inconsistent with his or her sincerely held religious beliefs.

However, you must find for Defendant Board of Education of the City of St. Louis and against Plaintiff X if you find that Plaintiff X is not entitled to recover by reason of Instruction No. [4].

## Instruction No. [1B]

To determine whether Plaintiff X had a sincerely held religious belief, you must decide two things:  (1) whether Plaintiff X had a religious belief and (2) whether Plaintiff X sincerely held that belief.

*First*, Legal protection only attaches to belief rooted in religion, as opposed to purely secular beliefs or personal preferences.  A sincere and meaningful belief qualifies for protection if the belief occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God.  But a belief does not qualify as religious if it is essentially political, sociological, or philosophical.  Nevertheless, a belief can be both secular and religious.  Religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit protection under the law.

*Second*, a religious belief is sincerely held if it reflects an honest conviction.  A religious belief can be sincerely held even if the believer admits that he is "struggling" with his position or because his beliefs are not articulated with the clarity and precision that a more sophisticated person might employ.

## Instruction No. 2

You may not return a verdict for Plaintiff X just because you might disagree with Defendant Board of Education of the City of St. Louis's decision or believe it to be harsh or unreasonable.

## Instruction No. 3

*Removed by agreement of parties*

## Instruction No. 4

You must find for Defendant Board of Education of the City of St. Louis and against Plaintiff X for Section 1983 Free Exercise of Religion and Section 1983 Equal Protection if Defendant Board of Education of the City of St. Louis has proven, by the greater weight of the evidence, each of the following:

*First*, Denying Plaintiff X an exemption from the vaccination policy was necessary to
   a. Ensure that the Board of Education of the City of St. Louis could adequately educate all students in the school district, or
   b. Stem the spread of COVID-19.

*Second*, Defendant Board of Education of the City of St. Louis could not have achieved either of these interests through alternative means less restrictive of Plaintiff X's sincerely held religious beliefs.

## Instruction No. 5

If you find for Plaintiff X for Section 1983 Free Exercise under Instruction No. 1A, then y~~Y~~ou must <u>also</u> find for Plaintiff X and against Defendant Board of Education of the City of St. Louis for Section 1983 Equal Protection if Plaintiff X has shown, by the greater weight of the evidence, each of the following:

*First*, When Defendant Board of Education of the City of St. Louis denied Plaintiff X's request for a religious exemption, Defendant Board of Education of the City of St. Louis treated Plaintiff X differently than Defendant Board of Education of the City of St. Louis treated others who were similarly situated in all relevant respects to Plaintiff X, and

*Second*, Defendant Board of Education of the City of St. Louis, in subjecting Plaintiff X to disparate treatment, singled out and treated Plaintiff X differently because of religious discrimination.

However, you must find for Defendant Board of Education of the City of St. Louis and against Plaintiff X if you find that Plaintiff X is not entitled to recover by reason of Instruction No. [4].

## Instruction No. 6

You must find for Plaintiff X and against Defendant Board of Education of the City of St. Louis for Title VII failure to accommodate and MHRA failure to accommodate if Plaintiff X has shown, by the greater weight of the evidence, each of the following:

*First,* Plaintiff X had a sincerely held religious belief that conflicted with an employment requirement,

*Second*, Plaintiff X informed Defendant Board of Education of the City of St. Louis of this belief, and

*Third*, Defendant Board of Education of the City of St. Louis disciplined Plaintiff X for failing to comply with the conflicting requirement of employment,

However, you must find for Defendant Board of Education of the City of St. Louis and against Plaintiff X if you find that Plaintiff X is not entitled to recover by reason of Instruction No. [7].

## Instruction No. 7

You must find for Defendant Board of Education of the City of St. Louis and against Plaintiff X for Title VII failure to accommodate and MHRA failure to accommodate if Defendant Board of Education of the City of St. Louis has shown, by the greater weight of the evidence, that accommodating Plaintiff X's sincerely held religious beliefs would have imposed an undue hardship on Defendant Board of Education of the City of St. Louis's business.  An undue hardship exists when the burden of granting an accommodation would have resulted in substantial increased costs in relation to the conduct of Defendant Board of Education of the City of St. Louis's particular business.

In determining whether an undue hardship exists, you should take into account all relevant factors, including the particular accommodations at issue and their practical impact in light of the nature, size, and operating cost of Defendant Board of Education of the City of St. Louis's business.

## Instruction No. 8

*Removed.*

## Instruction No. 9

If you find in favor of Plaintiff X under Instruction No. 1A, 5, or 6, then you must award Plaintiff X such sum as you find will fairly and justly compensate Plaintiff X for any damages you find Plaintiff X sustained as a direct result of Defendant Board of Education of the City of St. Louis's decision to suspend without pay or terminate Plaintiff X.  Plaintiff X's claim for damages includes two distinct types of damages, and you must consider them separately.

*First*, you must determine the amount of any wages and fringe benefits Plaintiff X would have earned in his or her employment with Defendant Board of Education of the City of St. Louis, from October 2021 to January 2022, if he or she had not been suspended or terminated *minus* the amount of earnings and benefits that Plaintiff X received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by Plaintiff X, such as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.  You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that Plaintiff X has a duty under the law to "mitigate" his or her damages—that is, to exercise reasonable diligence under the circumstances to minimize his or her damages.  Therefore, if you find that Plaintiff X failed to seek out or take advantage of an opportunity that was reasonably available to him/her, you must reduce his or her damages by the amount he or she reasonably could have avoided if he or she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture, and you must not award damages under this Instruction by way of punishment or through sympathy.

**Instruction No. 10A**

If you find in favor of Plaintiff X for MHRA failure to accommodate under Instruction No. 6, and if you find, by clear and convincing evidence, that the conduct of Defendant Board of Education of the City of St. Louis as submitted in Instruction No. 6 was outrageous because of Defendant Board of Education of the City of St. Louis's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find Plaintiff X entitled under Instruction No. 9, you may award Plaintiff X an additional amount as punitive damages in such sum as you believe will serve to punish Defendant Board of Education of the City of St. Louis and to deter Defendant Board of Education of the City of St. Louis and others from like conduct.

**Instruction No. 10B**

You must not award Plaintiff X an additional amount as punitive damages under Instruction No. 10 unless you believe the conduct of Defendant Board of Education of the City of St. Louis as submitted in Instruction No. 6 was outrageous because of Defendant Board of Education of the City of St. Louis's evil motive or reckless indifference to the rights of others.

**Instruction No. 11**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions—the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

**Instruction No. 12**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a

witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

## Instruction No. 13

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so, put it out of your mind.

## Instruction No. 14

Members of the jury, the Plaintiffs and Defendant have stipulated—that is, they have agreed—that the following facts are true.  You must, therefore, treat those facts as having been proved in this case.

[INSERT JOINT STIPULATION OF UNCONTESTED FACTS]

## Instruction No. 15

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.  But do not come to a decision just because other jurors think it is right, or just to reach a verdict.

Remember you are not for or against any party.  You are judges—judges of the facts.  Your only job is to study the evidence and decide what is true.

*Third*, during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth*, as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen or heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

*Fifth*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court.  While you are deliberating, do not tell anyone—including me—how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case.  The form reads:

You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

## Instruction No. 16

You have heard testimony from Dr. Daniel Salmon, who testified to opinions and the reasons for his opinions.  This opinion testimony is allowed because of the education or experience of the witness.

You should judge this opinion testimony just as you would any other testimony.  You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

## Instruction No. 17

Now, I will instruct you on the law as it relates to the plaintiffs' claims.  There are thirteen plaintiffs in this case:  James Apple, Wanda Brandon, Anthony Comparato, Andrew Craig, Alice

Crockett, Anne Gillespie, Amira Herndon, Marc Ingram, Jeffery McCaw, Johnnie McCreary, Tammy O'Connor, Paul Perniciaro, and Shenicquel Spotts.

The following instructions apply to each plaintiff, but you must apply each of the following instructions to each plaintiff on an individual basis. For that reason, and to avoid redundancy, the instructions do not refer to the plaintiffs by name. Instead, they refer to "Plaintiff X." When assessing the claim of a particular plaintiff, substitute, in your own mind, the name of that plaintiff for "Plaintiff X."

For instance, Instruction No. [1A] says:

> You must find for Plaintiff X and against Defendant Board of Education of the City of St. Louis for Section 1983 Free Exercise of Religion if Plaintiff X has shown, by the greater weight of the evidence, that Defendant Board of Education of the City of St. Louis prevented Plaintiff X from engaging in a sincerely motivated religious exercise. Plaintiff X will have made this showing if he or she has shown that Defendant Board of Education of the City of St. Louis put Plaintiff X to the choice of keeping his or her job or engaging in conduct inconsistent with his or her sincerely held religious beliefs.
>
> However, you must find for Defendant Board of Education of the City of St. Louis and against Plaintiff X if you find that Plaintiff X is not entitled to recover by reason of Instruction No. [4].

For this instruction, you must first consider whether James Apple has shown, by the greater weight of the evidence, that Defendant Board of Education of the City of St. Louis prevented him from engaging in a sincerely motivated religious exercise. If you find that James Apple has made such a showing, then you must determine whether James Apple is not entitled to recover by reason of Instruction No. [4], which I will read to you soon. Once you are finished with James Apple's claim, you must do the same for Wanda Brandon, Anthony Comparato, and each other plaintiff.

This instruction applies to all of the following instructions, which I will turn to now.